HOWARD JANDORF, .Respondent, *v.* THE PULLMAN
COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, July, 1918.)

Carriers — of passengers — action to recover damages for loss of hand-
bag and contents — railroads — what does not constitute baggage
— negligence.

Where the proof is sufficient to sustain plaintiff's allegation
that his hand-bag, containing personal effects and corporate
bonds and certificates of stock issued in his name, ·was lost
while he was sleeping at night in one of defendant's sleeping
cars through the negligence of the defendant, and the testimony
is to the effect that he necessarily spent $245.50 in securing
through legal proceedings the issue of duplicate bonds and
certificates of stock, a judgment in his favor for $350, of which
$104.50 was for the value, as found by the court, of the personal
effects, must be modified so as to reduce the amount thereof to
the value of the personal effects.

The plaintiff was not entitled to recover either the value of
the securities or any money expended in an effort to recover
the same or in having duplicates issued therefor, as in law they
were not " baggage."

APPEAL by defendant from a judgment of the Munic-
ipal Court of the city of New York, borough of Man-
hattan, seventh district, in favor of plaintiff.

Alexander & Green (Edward W. Walker, of coun-
sel), for appellant.

Davis & Davis (Edward H. Davis, of counsel), for
respondent.

GUY, J.   Plaintiff sues to recover damages result-
ing from the loss of a hand-bag and contents while
plaintiff, a passenger, was sleeping at night in one of
defendant's sleeping cars, the plaintiff alleging negli-

gence on the part of defendant's employees in charge of said car.

The defendant admits the contractual relation with plaintiff, but denies negligence. The proof is sufficient to sustain plaintiff's allegation that his property was lost through the negligence of the defendant. The only remaining question requiring determination on this appeal is as to the measure of damage. Plaintiff proved that the bag contained personal effects, the cost price of which amounted to about $150, and certain corporate bonds and certificates of stock, which he testified he was carrying with him for the purpose of depositing same as collateral in a contemplated business transaction in Maryland. These securities were issued in his individual name and had not been assigned in blank or otherwise; but plaintiff testified that after expending a certain amount of time and money in an unsuccessful effort to recover the same by demand and otherwise he was compelled to bring legal proceedings to secure the issue of duplicate bonds and certificates of stock in place of those so lost by him, at a necessary expense of $245.50. The trial judge awarded judgment for $350, $104.50 of which represents the value the court placed upon the personal effects contained in the hand-bag. The remaining amount included in the judgment represents the expense incurred by plaintiff as the result of the loss of his securities. If the securities carried by plaintiff in his hand-bag were baggage, then said sum was properly included in the judgment; if in law they were not to be regarded as baggage the plaintiff was not entitled to recover either the value of the securities or any moneys expended in an effort to recover the same or in having duplicates issued therefor. The general rule in actions of this character is that plaintiff is entitled to recover as damages for loss of baggage all loss and

expense which were the proximate result of defendant's negligence and defendant's breach of contractual relation; the natural and proximate consequences of the act complained of so far as it was reasonably in contemplation of the parties in making the contract. *Weeks* v. *N. Y., N. H. & H. R. R. Co.,* 72 N. Y. 50.

In *Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.,* 202 N. Y. 363, the court says (Vann, J., writing the opinion): " The contract to transport the plaintiff carried with it the duty of transporting a reasonable amount of hand baggage, such as is commonly taken by travelers for their personal use, the quantity and value depending upon station in life, object of the journey and other considerations."

The securities so carried by plaintiff, being in no sense for personal use in making the journey, did not constitute baggage for the safe transport of which defendant could under its contract be held liable. *Weeks* v. *N. Y., N. H. & H. R. R. Co., supra.*

The judgment must be modified so as to reduce the amount thereof to the value of the personal effects contained in the lost hand-bag, $104.50, with appropriate costs in the court below, and as so modified affirmed, without costs.

BIJUR and WEEKS, JJ., concur.

Judgment modified, and as so modified affirmed, without costs.